IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUVADA MAHMUTOVIC,

    Plaintiff,                         No. CIV S-08-2166 FCD KJM PS

    vs.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.,

    Defendant.                      FINDINGS AND RECOMMENDATIONS

_____/

        Defendants' motions to dismiss and strike came on regularly for hearing December 10, 2008. No appearance was made for plaintiff, who is proceeding in propria persona. Michael Brooks appeared for defendant Sand Canyon (successor in interest to Option One Mtg); Valerie Brennan appeared for defendants Mortgage Electronic Registration Systems ("MERS"), Chase Home, and U.S. Bank National Association; Martha Pasalaqua appeared for defendant First American Loanstar; and no appearance was made for defendant BNC Mortgage. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

        In this action, removed from state court on the basis of federal question jurisdiction, plaintiff alleges claims under the Truth in Lending Act ("TILA"), the Real Estate

1

Settlement Procedures Act ("RESPA"), the Homeownership and Equity Protection Act ("HOEPA"), and the Federal Fair Debt Collection Practices Act ("FCDPA") related to the mortgage for plaintiff's residence.  Plaintiff also alleges state causes of action for breach of implied covenant of good faith and fair dealing, fraud, injunctive relief and declaratory relief.  All defendants have moved to dismiss.  Motions to strike the punitive damages allegations and plaintiff's request for attorneys' fees also are pending.

Prior to removal of this action, plaintiff's action was consolidated with an unlawful detainer action.  As discussed below, the court will recommend dismissal of plaintiff's action.  Inasmuch as the only remaining claim will be the unlawful detainer action, which raises only state law issues and is a matter particularly suited to state court adjudication, the court will recommend the unlawful detainer action be remanded under 28 U.S.C. § 1367(c).

After being allowed additional time to file opposition to the pending motions to dismiss, plaintiff has filed opposition but addresses only the motions to dismiss insofar as they address the claims under TILA.  Plaintiff has not filed any substantive opposition to the motions to dismiss the state claims and failed to appear at the hearing.  In the order filed October 30, 2008 (docket no. 30), plaintiff was cautioned that failure to file opposition and appear at the hearing would be deemed as a statement of non-opposition and would result in a recommendation that the motions to dismiss be granted.  Moreover, defendants' arguments on the lack of merit in plaintiff's state law claims are well-taken and amendment appears to be futile.  The court will therefore recommend the state law claims be dismissed without leave to amend.

Defendants all contend that any federal claims plaintiff has alleged are time-barred.  In opposition to the motions to dismiss, plaintiff's sole argument is that plaintiff is entitled to invoke the equitable doctrine of recoupment and therefore the action is not time-barred.  Recoupment can be asserted only as a defense to reduce a plaintiff's claim.  Here,

plaintiff is seeking damages, not a set-off against a claim made by defendants.[1]  Recoupment cannot be used to obtain affirmative relief.

It is undisputed that plaintiff entered into the mortgage transaction underlying all the alleged claims on January 14, 2005.  See Complaint, § 10.  The instant action was filed in state court on August 4, 2008.  See Complaint (endorsement).  The longest statute of limitations for any of the federal claims is three years.[2]  See generally Beach v. Ocwen Federal Bank, 523 U.S. 410, 417-19 (1998) (plaintiff cannot assert rescission after three year period provided under TILA, 15 U.S.C. § 1635(f)).  The federal claims therefore are time-barred and should be dismissed.  Because the entire action should be dismissed, defendants' motions to strike are moot and should therefore be denied on that basis.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss be granted and the motions to strike be denied as moot.

2. The unlawful detainer action (state court no. 08UD04078) be remanded to the Superior Court of California, County of Sacramento.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

---

[1] The subject property was sold at a nonjudicial foreclosure sale on February 27, 2008 to defendant U.S. Bank Nat'l Assoc.  Under California law, a nonjudicial foreclosure sale is not an action and no creditor has sued the debtor for any deficiency.  See Garretson v. Post, 156 Cal.App.4th 1508, 1520 (2007); see also Cal. Civ. Code § 2924; Cal. Code Civ. Proc. § 580a et seq.

[2] See 15 U.S.C. §§1640(e), 1635(f) (TILA and HOEPA); 12 U.S.C. §§ 2605, 2607, 2614 (RESPA); 15 U.S.C. § 1692k(d) (FDCPA).

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 8, 2009.

_____
U.S. MAGISTRATE JUDGE

006
mahmutovic.oah